## FRISBIE, WARDEN, v. COLLINS.

No. 331. Argued January 28, 1952.—Decided March 10, 1952.

*Edmund E. Shepherd,* Solicitor General of Michigan, argued the cause for petitioner. With him on the brief were *Frank G. Millard,* Attorney General, and *Daniel J. O'Hara,* Assistant Attorney General.

*A. Stewart Kerr,* acting under appointment by the Court, argued the cause and filed a brief for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Acting as his own lawyer,[1] the respondent Shirley Collins brought this habeas corpus case in a United States

[1] We appointed counsel to represent respondent in this Court. 342 U. S. 892.

District Court seeking release from a Michigan state prison where he is serving a life sentence for murder. His petition alleges that while he was living in Chicago, Michigan officers forcibly seized, handcuffed, blackjacked and took him to Michigan. He claims that trial and conviction under such circumstances is in violation of the Due Process Clause of the Fourteenth Amendment and the Federal Kidnaping Act,[2] and that therefore his conviction is a nullity.

The District Court denied the writ without a hearing on the ground that the state court had power to try respondent "regardless of how presence was procured." The Court of Appeals, one judge dissenting, reversed and remanded the cause for hearing. 189 F. 2d 464. It held that the Federal Kidnaping Act had changed the rule declared in prior holdings of this Court, that a state could constitutionally try and convict a defendant after acquiring jurisdiction by force.[3] To review this important question we granted certiorari. 342 U. S. 865.

We must first dispose of the state's contention that the District Court should have denied relief on the ground that respondent had an available state remedy. This argument of the state is a little cloudy, apparently because of the state attorney general's doubt that any state procedure used could possibly lead to the granting of relief. There is no doubt that as a general rule federal courts should deny the writ to state prisoners if there is "available State corrective process." 62 Stat. 967, 28 U. S. C. § 2254.[4] As explained in *Darr* v. *Burford,* 339

---

[2] 47 Stat. 326, as amended, 18 U. S. C. § 1201.

[3] *Ker* v. *Illinois,* 119 U. S. 436; *Mahon* v. *Justice,* 127 U. S. 700. See also *Lascelles* v. *Georgia,* 148 U. S. 537; *In re Johnson,* 167 U. S. 120.

[4] "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the rem-

U. S. 200, 210, this general rule is not rigid and inflexible; district courts may deviate from it and grant relief in special circumstances. Whether such circumstances exist calls for a factual appraisal by the court in each special situation. Determination of this issue, like others, is largely left to the trial courts subject to appropriate review by the courts of appeals.

The trial court, pointing out that the Michigan Supreme Court had previously denied relief, apparently assumed that no further state corrective process was available [5] and decided against respondent on the merits. Failure to discuss the availability of state relief may have been due to the fact that the state did not raise the question; indeed the record shows no appearance of the state.[6] The Court of Appeals did expressly consider the question of exhaustion of state remedies. It found the existence of

edies available in the courts of the State, or that there is either an absence of available State corrective process *or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* [Emphasis added.]

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

[5] The Court said, "Petitioner originally filed a petition for a writ of habeas corpus in the Supreme Court of the State of Michigan which was denied on June 22, 1949. He then filed a petition for a writ in this District, on the ground that the complaint in the state court action was defective and that a faulty warrant was issued for his arrest, claiming further that he was kidnapped by Michigan Police authorities in Chicago, Illinois, and brought to Michigan for trial. This petition was also denied."

[6] So far as the record shows, the state's first objection to federal court consideration of this case was made after the Court of Appeals decided in respondent's favor. A motion for rehearing then filed alleged that respondent had made several futile efforts to have his conviction reviewed. The motion also denied that the particular ground here relied on had previously been raised.

"special circumstances" which required prompt federal intervention "in this case." It would serve no useful purpose to review those special circumstances in detail. They are peculiar to this case, may never come up again, and a discussion of them could not give precision to the "special circumstances" rule. It is sufficient to say that there are sound arguments to support the Court of Appeals' conclusion that prompt decision of the issues raised was desirable. We accept its findings in this respect.

This Court has never departed from the rule announced in *Ker* v. *Illinois,* 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." [7] No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

Despite our prior decisions, the Court of Appeals, relying on the Federal Kidnaping Act, held that respondent was entitled to the writ if he could prove the facts he alleged. The Court thought that to hold otherwise after the passage of the Kidnaping Act "would in practical effect lend encouragement to the commission of criminal acts by those sworn to enforce the law." In considering whether the law of our prior cases has been changed by the Federal Kidnaping Act, we assume, without intimating that it is so, that the Michigan officers would have violated it if the facts are as alleged. This Act prescribes

---

[7] See cases cited, *supra,* n. 2.

in some detail the severe sanctions Congress wanted it to have. Persons who have violated it can be imprisoned for a term of years or for life; under some circumstances violators can be given the death sentence. We think the Act cannot fairly be construed so as to add to the list of sanctions detailed a sanction barring a state from prosecuting persons wrongfully brought to it by its officers. It may be that Congress could add such a sanction.[8] We cannot.

The judgment of the Court of Appeals is reversed and that of the District Court is affirmed.

*It is so ordered.*

---

[8] Cf. *Mahon* v. *Justice, supra,* n. 3, 705.