**George BARFIELD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12850.**

United States Court of Appeals
Sixth Circuit.

Oct. 15, 1956.

No attorney for appellant.

Fred Elledge, Jr., and Andrew M. Gant, Jr., U. S. Attys., Nashville, Tenn., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This appeal from an order denying the motion of appellant, George Barfield, to vacate a sentence of two years' imprisonment pronounced against him on his guilty plea in the United States District Court has been duly heard and considered upon the brief of appellant, upon the brief and oral presentation of the United States Attorney, and upon the record in the case.

It appears that appellant was arrested in Todd County, Kentucky, by a sheriff from the State of Tennessee, that he was removed to Tennessee on the same day by the sheriff and confined in the jail at Springfield in Robertson County, from which he had walked off while a trusty at that institution. He stole an automobile in Springfield, Tennessee, and drove it into Todd County, Kentucky, where he was arrested and returned to the jail from which he had escaped.

Following his indictment by the Federal Grand Jury for the Middle District

of Tennessee, he was arrested by the United States Marshal at Nashville, Tennessee. He was, therefore, properly before the United States District Court for the Middle District of Tennessee which sentenced him [Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541]; and he was sufficiently advised by the court as to his right to be represented by counsel offered by the court, but stated that he did not desire counsel to be appointed to represent him. He was given the opportunity of stating why judgment should not be pronounced against him on his plea of guilty to the offense charged; and all his constitutional and lawful rights were carefully conserved in the district court.

The appellant was represented by competent counsel, appointed by the court, upon the hearing of his motion to vacate sentence in the district court.

The order of the United States District Court denying appellant's motion to set aside his sentence is affirmed; and it is so ordered.