UNITED STATES ex rel. Andrew J.
TAYLOR

v.

William J. BANMILLER, Superintendent,
State Correctional Institution at
Philadelphia, Pennsylvania.

Misc. No. 2328.

United States District Court
E. D. Pennsylvania.

Nov. 20, 1961.

Petitioner pro se.

WOOD, District Judge.

Petitioner was convicted of aggravated robbery and aggravated assault and battery with intent to murder before the Honorable William Troutman on December 17, 1959. As a result of that conviction, petitioner was sentenced to a total of 11½ to 23 years in jail, and is at present confined in the State Correctional Institution at Philadelphia. Prior to petitioner's conviction in Philadelphia, he had been confined in the New Jersey State Prison for a term of two to three years. In fact, the Pennsylvania authorities had been searching for petitioner to stand trial for the robbery when they discovered that he was in prison in New Jersey. Petitioner was extradited to Pennsylvania, stood trial, and was apparently returned to New Jersey to complete his sentence there before being brought to Pennsylvania to begin his present sentence.

The petition alleges, as well as we can discern, that petitioner's conviction in Pennsylvania was void because the Pennsylvania Court had no jurisdiction over the person of petitioner. This contention is based upon petitioner's allegations that he was extradited without a hearing and without due process of law. We think that even if these allegations were true, the Pennsylvania Court still had jurisdiction to render a valid conviction of the petitioner.[1] Furthermore,

1. In Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, 1952, the Supreme Court of the United States said: "This Court has never departed from the rule announced in Ker v. [People of State of] Illinois, 119 U.S. 436, 444, [7 S.Ct. 225, 30 L.Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's

**116**

it appears as a matter of record[2] that petitioner had ample opportunity to resist extradition in two hearings on his petition for a writ of habeas corpus in New Jersey. Petitioner had the benefit of court appointed counsel at these hearings, but his contentions were found to be without merit and the petition was dismissed. It is clear, therefore, that petitioner's collateral attack on the jurisdiction of the Pennsylvania Court is completely without merit.

■ The petition also raises questions as to the quality and sufficiency of the Commonwealth's evidence as support for the conviction of petitioner on the robbery and assault charges. But these are matters which may not be inquired into on a petition for a writ of habeas corpus. We wish to add, however, that an examination of the transcript of the petitioner's trial reveals that the Commonwealth produced ample evidence to support the conviction.

■ Petitioner also complains that the attorney who represented him at the trial was given insufficient time to prepare a defense. But at no stage of the proceeding did either counsel or defendant request additional time to prepare their case. Defendant's counsel was from the office of the Voluntary Defender; he had entered his appearance for the defendant months before the trial. The transcript of the trial shows clearly that he conducted a particularly vigorous and able defense.

For the above reasons, we find that the petition for a writ of habeas corpus raises no questions which require that we hold a hearing.

### Order.

And now, to wit, this 20th day of November, 1961, it is hereby ordered that the petition for a writ of habeas corpus is dismissed.

jurisdiction by reason of a 'forcible abduction.'" (At p. 522, 72 S.Ct. at p. 511).

2. See certified copy of Clerk's file from Mercer County Court in Trenton, New Jersey.