**486**

Kenneth Howard **HINKLE** and William
Glen Hinkle, Petitioners,

v.

Monroe **LOVE**, Sheriff of Pulaski County,
Ark., Respondent.

No. LR–69–C–241.

United States District Court,
E. D. Arkansas, W. D.

Jan. 30, 1970.

———◆———

Kenneth Howard Hinkle and William
Glen Hinkle, pro se, petitioners.

Joe Purcell, Atty. Gen., and Mike Wilson, Asst. Atty. Gen., State of Arkansas,
for respondent.

## MEMORANDUM AND ORDER

HENLEY, Chief Judge.

On or about December 10, 1969, petitioners, Kenneth Howard Hinkle and
William Glen Hinkle, presumably brothers, who were then confined in the Texas State Penitentiary were extradited to
Arkansas to stand trial in Pulaski County on a charge of robbery allegedly committed by them in 1967. In connection
with the extradition the Governor of Arkansas executed an Executive Agreement to the effect that upon the termination of the proceedings against petitioners in Arkansas they would be returned to the State of Texas upon demand to recommence service of their
Texas sentences. Petitioners are presently confined in the Pulaski County
Jail in the custody of respondent Sheriff.

On December 23, 1969, petitioners
commenced this habeas corpus proceeding in this Court alleging in substance
that their extradition was illegal and,
further, that to return them to Texas as
contemplated upon the termination of
the proceedings in Arkansas would constitute a violation of their federal constitutional rights. The cause is now before the Court on respondent's motion to
dismiss the petition.

The petition does not allege any exhaustion of State remedies, and the
Court is faced at the outset with an interesting question as to whether 28 U.S.
C.A. § 2254, is applicable to petitioners
in the situation in which they find
themselves.

Section 2254(b) provides in substance
that a prisoner confined in an institution "pursuant to the judgment of a
State court" cannot secure relief by way
of habeas corpus in a federal court unless and until he exhausts available
State court remedies.

Petitioners were unquestionably confined in Texas under judgments and
commitments of the courts of that State,
but they are not at the moment confined
in Arkansas by virtue of any final judgment of any Arkansas court. They are
simply being held in jail without bond
awaiting trial which the Court understands will be held during the approaching spring term of the Pulaski County
Circuit Court. The authority for their
confinement is a warrant for their arrest issued in 1967 and a criminal information filed in the Circuit Court by the
Prosecuting Attorney of Pulaski County.
It is the Court's information that petitioners have been arraigned in Circuit
Court; at the conclusion of the arraignment they were doubtless remanded to
custody, and in that sense only are they

being held pursuant to a "judgment" of an Arkansas court.

However, the view which the Court takes of the case renders it unnecessary to pursue the exhaustion question further, at least at this time.

To the extent that petitioners complain that they were illegally extradited to Arkansas their petition does not state a claim upon which relief can be granted. Assuming that they were extradited illegally or improperly, the fact remains that they are here, and that the State of Arkansas has jurisdiction to try them. This Court will not inquire into the manner whereby they were brought into the State. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L. Ed. 421; Thompson v. Bannan, 6 Cir., 298 F.2d 611.

With respect to their contemplated return to Texas petitioners contend that when Texas released them to Arkansas for trial, the action amounted either to a constructive pardon or at least to a waiver by Texas of any right to reconfine them in the Texas Penitentiary. They also allege that the Executive Agreement that has been mentioned was void as amounting to a treaty between Arkansas and Texas prohibited by Article I, Section 10 of the Constitution of the United States.

Assuming arguendo that those contentions rise to constitutional dignity or otherwise present a substantial federal question, the Court is of the opinion that it would be premature to consider them at this time.

At the moment no effort is being made to return petitioners to Texas. Between now and the completion of petitioners' trial on the robbery charge they may die or escape from custody; it is also conceivable, albeit improbable, that Texas will not seek their return. Further, it is not clear by what means Texas will ask for their return; if the Governor of Texas proceeds by way of formal extradition, as did the Governor of Arkansas in the first instance, petitioners will be entitled under Arkansas law to notice and to an opportunity to contest the extradition by means of a petition for a writ of habeas corpus in the State courts. Ark.Stats.Ann. § 43–3010.

In the circumstances the petition will be, and it hereby is, dismissed without prejudice to the right of petitioners to litigate in an appropriate forum after the trial in the Circuit Court the question of the legality of their return to Texas if such a return is sought.