**Errol J. SIMPSON, Petitioner,**

v.

**Calvin L. SPICE, Sheriff of Outagamie County, Wisconsin, Respondent.**

**No. 70-C-403.**

United States District Court,
E. D. Wisconsin.

Oct. 12, 1970.

Shellow & Shellow, by Robert H. Friebert, Milwaukee, Wis., for petitioner.

R. Thomas Cane, Asst. Dist. Atty., for Outagamie County, Appleton, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a petition for habeas corpus in which Mr. Simpson challenges his detention by the state of Wisconsin. The petitioner has been charged with the possession for sale of allegedly obscene literature, in violation of § 944.21 (1) (a), Wis.Stats. He was bound over for trial before the circuit court of Outagamie County, Wisconsin, but his trial has not yet taken place.

When this petition was first filed, the court was advised that the defendant's bail had been set by the county court of Outagamie County at $50,000. This court then reserved jurisdiction of the habeas corpus application and gave the petitioner time to apply to the state circuit court for the reduction of bail. As the result of a hearing in the latter court, the bail was reduced to $10,000.

While this court has jurisdiction to review the action of a state court in setting bail, it is my conclusion that in the instant case, there is no apparent violation of the petitioner's constitutional rights. See In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962); United States ex rel. Shakur v. Commissioner of Corrections, 303 F. Supp. 303 (S.D.N.Y.1969). The circuit court of Outagamie County conducted a full hearing into the question of bail, and the transcript of such proceedings are before this court. My review of the record made in regard to the petitioner's past and present circumstances persuades me that he has no valid objection on constitutional grounds to the bail which was set by the circuit court of Outagamie County.

Numerous other grounds are asserted in support of the petitioner's request for a writ of habeas corpus. It is my conclusion that as to each of those grounds this court should decline to grant the writ.

Mr. Simpson stands charged with alleged crimes under state law; he has not yet been brought to trial on those charges. While the setting of bail at $50,000 suggested that oppressive state action may have been involved, the subsequent reduction of such bail to a reasonable figure has obviated that concern. The other contentions of illegality advanced by the petitioner are not of such nature as to warrant this court's intervention at a time when the state court has not as yet had an opportunity to act thereon.

Mr. Simpson points out that 28 U.S.C. § 2254, requiring that state remedies must be exhausted, applies to state prisoners detained by a *judgment* of the state court. He then urges that the exhaustion requirement does not apply to a pre-conviction detention such as is involved in the case at bar. In my opinion, if federal courts are obliged to desist (absent exhaustion) from granting writs of habeas corpus to state prisoners who are held pursuant to a state court judgment, *a fortiori* a federal court should abstain when the detention is at the pretrial stage. In 83 Harvard Law Review 1038, 1094 (1970), the authors state:

> "This rule of exhaustion, now codified in the federal habeas corpus statute, is rooted in considerations of federal-state comity rather than in the essential nature of the writ or its purpose."

Mr. Simpson urges that the warrants of arrest and search were issued in an unconstitutional manner. He also contends that the magazines in question were not obscene or hard-core pornography. He further urges that § 944.21(1)(a) is vague, over-broad and unconstitutional as applied. In addition, he charges that there has been a violation of his ninth amendment rights. It is my view that under the instant circumstances, no reason has been advanced which would justify this court's now assuming jurisdiction of this case. Mr. Simpson has not exhausted his state remedies; the issues which he has raised in this court may properly be raised at or before trial in the state courts. In Murphy v. Wilson, 409 F.2d 840, 841 (9th Cir. 1969), the court said:

> "Federal habeas corpus does not afford a means of transferring pending state criminal proceedings to a federal court."

In United States ex rel. Foley v. Ragen, 143 F.2d 774 (7th Cir. 1944), the court quoted the following approvingly at pages 775–776:

> " 'Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted.' "

There are instances where suppression of first amendment rights by the bad faith enforcement of a state statute which is facially unconstitutional has been enjoined to avoid a chilling effect upon protected freedoms. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). In the case at bar, however, no showing has been made which would warrant the conclusion that Mr. Simpson's prosecution is in bad faith or that the state's courts will fail to provide him with full constitutional protection. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). The fair treatment afforded him by the state circuit court in greatly reducing his bail tends to support this conclusion. Cf. Baldwin v. Lewis, 300 F.Supp. 1220 (E.D.Wis.1969). I find no "special circumstances" which would justify federal court intervention. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

The supreme court of Wisconsin has already upheld the constitutionality of the statute in question. State v. Chobot, 12 Wis.2d 110, 106 N.W.2d 286 (1960). However, it does not follow that it would be futile for the petitioner to assert in the state courts the various defenses which he has raised here. Cf.

Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Some of the cases relied upon by the petitioner were decided by the United States Supreme Court after *Chobot*. E. g. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) and Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970).

I find no suggestion in the case at bar of any fundamental procedural or substantive unfairness which would cause the pending state prosecution to be violative of the petitioner's federal constitutional rights.

Now, therefore, it is ordered that the petition for habeas corpus be and hereby is denied.