**UNITED STATES of America**

**v.**

**Basil MILLER, Defendant.**

**No. 74–475–Cr–CF.**

United States District Court,
S. D. Florida.

Nov. 5, 1974.

Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for the United States of America.

Melvyn Kessler, Miami, Fla., for defendant.

### ORDER

FULTON, Chief Judge.

The legal premise upon which Basil Miller moves to dismiss the instant indictment emanates from the recent Second Circuit decision of United States v. Toscanino, 500 F.2d 267 (2d Cir. 1974).

The Court there held that the federal criminal process would be abused or degraded if the federal criminal defendant was brought into the United States by an illegal abduction from another country. However, in so holding, the Second Circuit expressly held contrary to the ruling of the United States Supreme Court in Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886) and Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In both *Ker* and *Frisbie* the United States Supreme Court held that the manner in which a defendant was brought into the United States was immaterial to the court's power to proceed in a criminal matter.

The rationale of the Second Circuit in *Toscanino,* in holding contrary to the long standing rule announced in *Ker* and *Frisbie,* was basically that notions of due process have drastically changed since the Supreme Court last treated the issue of a court's power to proceed over a defendant that may have been brought into the United States illegally.

It should be noted that the Second Circuit's holding hinged on the *illegality of method used by the government in bringing the defendant into the United States for prosecution.* (The defendant in *Toscanino* was allegedly kidnaped, tortured and held incommunicado in a foreign country by agents of the United States government.)

In the present case, the fact that Basil Miller was *lawfully arrested* in Jamaica and *lawfully deported* by Jamaican authorities makes the case inapposite to the facts and the holding of the Second Circuit.

The issue of whether a bondsman may or may not have the common-law authority to make arrests outside the United States, does not need to be dealt with here. See Reese v. United States, 9 Wall. 13, 19 L.Ed. 541. The stipulated facts clearly state that defendant Basil Miller was arrested by *Jamaican police* and not on any common-law authority to arrest of the bondsman. Surely it

cannot be seriously contended that Miller was illegally kidnaped by the bondsman when he was legally arrested and deported by Jamaican authorities. Thereupon, it is

Ordered and adjudged that defendant's motion to dismiss the indictment be and the same is hereby denied.