**Kurt STEVENSON, Petitioner,**

v.

**STATE OF WISCONSIN, Respondent.**

**No. 73–C–507.**

United States District Court,
E. D. Wisconsin.

March 4, 1975.

Herbon & McLaughlin by Mark T. Baganz, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen. by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Kurt Stevenson has filed an amended petition for a writ of habeas corpus, attacking the validity of two state court convictions. I conclude that the petition should be denied.

This matter is before me on the pleadings, the briefs of counsel, certain documents and affidavits, and the transcripts of the petitioner's trial for the sale of heroin (case no. H–953) and of the petitioner's plea of guilty to the charge of possession of heroin (case no. H–954). The facts articulated below appear from the transcripts and exhibits on file; they are either undisputed or are those most favorable to the petitioner's position.

A search warrant for the premises located at 1734 North Cambridge Avenue, Milwaukee, Wisconsin, and the person of the petitioner was obtained in the early morning hours of March 8, 1970. The warrant also authorized the seizure of the person in possession of the materials to be seized. Detective Donald Schnuck testified in support of the warrant, relying in part on the statements of an informer whom he declined to identify. The execution of the warrant was accomplished on the same day it was issued, and the petitioner was apparently taken into custody pursuant to the warrant.

Subsequently, in November of 1970, the petitioner was tried on a charge that on February 12, 1970, he unlawfully sold heroin to Milwaukee police department detective, Eugene Farmer. On November 5, 1970, the jury returned a verdict of guilty, and the trial court entered a judgment of conviction. Later the same day, the petitioner entered a plea of guilty to the charge that on March 8, 1970, he unlawfully possessed heroin.

The transcript of the trial reveals that detective Farmer identified the petitioner as the person who sold him heroin on February 12, 1970. Although Mr. Farmer indicated on cross-examination that at the time of the sale he was accompanied by an informer, the trial court sustained objections to questions aimed at learning the identity of the informer.

■ Paragraph 5(b) of the amended petition raises the following issues among others: (1) whether the defendant was denied due process of law because he was precluded from learning the identities of the informant upon whom detective Donald Schnuck relied in support of the search warrant obtained on March 8, 1970, or the informant who accompanied detective Eugene Farmer in connection with the alleged sale of heroin by the petitioner on February 12, 1970; and (2) whether the petitioner's plea of guilty on November 5, 1970, to possession of heroin was voluntarily and intelligently made. These issues have not previously been presented to the state courts for post-conviction review. The interests of comity require that the petitioner exhaust his state remedies with respect to these issues before this court should address them in a petition for habeas corpus. 28 U.S.C. § 2254; Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

What remains is the petitioner's attack upon the validity of the search warrant obtained and executed on March 8, 1970. The petitioner claims that because the warrant was unconstitutionally obtained, his arrest pursuant to such warrant was also unlawful. The invalidity of the warrant is said to be grounds for an attack upon both the conviction for sale of heroin and the guilty plea to the charge of possession of heroin. In my opinion, however, both convictions are unassailable, even assuming that the search warrant of March 8, 1970, and thus the petitioner's arrest on that date, contravened the fourth amendment.

The petitioner urges that his physical presence and the in-court identification of him by detective Eugene Farmer during the trial on the charge of sale of heroin were suppressible fruits of the allegedly unlawful search warrant. I find these contentions to be unpersuasive.

It is settled in this circuit that the physical presence in court of one who is unlawfully arrested is not suppressible as the fruit of that unlawful arrest. Guzman-Flores v. United States Immigration and Naturalization Service, 496 F.2d 1245, 1247 (7th Cir. 1974). The court of appeals based this ruling on a court's lawful authority to proceed with the trial of a defendant notwithstanding a prior unlawful arrest. Id. at 1248; see Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). It follows that if the defendant's presence at trial cannot be suppressed and indeed may be lawfully compelled, his identification by a witness during the trial also cannot constitute the fruit of the unlawful arrest. Compare Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■ Accordingly, even were this court to determine that the petitioner's arrest violated the fourth amendment, his physical presence and subsequent identification during the trial on the sale charge did not constitute suppressible evidence arising from that arrest. Thus, no suppressible evidence derived from the allegedly unlawful search warrant was utilized to convict the petitioner for the sale of heroin.

■ Insofar as the allegedly unlawful search and seizure pertains to the petitioner's conviction for possession of heroin, he is precluded from challenging the propriety of the search warrant because of his guilty plea. The Supreme Court stated in Tollet v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973):

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. at 267, 93 S.Ct. at 1608.

The applicability of the above quoted language from Tollet to Mr. Stevenson's petition is not affected by the Supreme Court's recently announced opinion in

**38**

Lefkowitz v. Newsome, —— U.S. ——, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), since the *Lefkowitz* decision was dependent upon circumstances not present in this case.

I thus conclude that the asserted invalidity of the search warrant obtained and executed on March 8, 1970, is insufficient to furnish a basis for vacating either of the convictions challenged in this petition.

Therefore, it is ordered that the amended petition be ánd hereby is denied.