UNITED STATES of America
v.
Dominique ORSINI et al.,
Defendants.

No. 75 CR 492.

United States District Court,
E. D. New York.

Oct. 24, 1975.

David G. Trager, U. S. Atty., by David A. DePetris, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Murray Cutler, Brooklyn, N. Y., for defendant Orsini.

## DECISION AND ORDER

BRAMWELL, District Judge.

This matter comes before the Court on the motion of the defendant Dominique Orsini, by his attorney Murray Cutler, Esq., to dismiss the indictment filed against the defendant "in the interest of justice." The Defendant alleges "that he was unlawfully kidnapped, beaten and drugged by Agents of the United States Government in Dekar, Senegal and brought to the United States. That the defendant appeared before the Court in Dekar, Senegal, and after a hearing was ordered to be released. That Agents of the United States Government, together with others acting at their directions deliberately ignored and conspired to controvert the lawful directive of the Sengolese Court and held the defendant against his will", and continuously tortured, kicked and beat him. That he suffered a severe wound of the hand and was denied proper medical attention by the American Agents. That the American Agents used "drugs to reduce his resistance and in an act of illegality kidnapped the defendant and transported him to the United States."

The defendant has requested a hearing to determine the validity of these allegations.

In *U. S. v. Rafael Lira,* 515 F.2d 68, decided by the United States Court of Appeals for the Second Circuit on April 14, 1975, the Court enunciated the controlling principles of law to be applied in a case such as we now have before us.

There the Court stated at p. 70 of 515 F.2d:

In general a court's power to bring a person to trial upon criminal charges is not impaired by the forcible abduction of the defendant into the jurisdiction. *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1888); *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). However, in *United States v. Toscanino,* supra [2 Cir., 500 F.2d 267], we

held that this general rule, sometimes referred to as the "Ker-Frisbie doctrine," is subject to the overriding principle that where the Government itself secures the defendant's presence in the jurisdiction through use of cruel and inhuman conduct amounting to a patent violation of due process principles, it may not take advantage of its own denial of the defendant's constitutional rights. We there stated that a district court must "divest itself of jurisdiction over the person of a defendant where it has been acquired as the result of the Government's deliberate, unnecessary, and unreasonable invasion of the accused's constitutional rights." 500 F.2d at 275. More recently in *United States ex rel. Lujan v. Gengler*, 510 F.2d 62 (2d Cir., 1975), we reaffirmed the principle that the Ker-Frisbie doctrine does not bar judicial scrutiny of "conduct of the most outrageous and reprehensible kind by United States Government agents," which results in denial of due process, 510 F.2d at 65, although we there found that the Government conduct did not reach the level proscribed by *Toscanino*.

Essential to a holding that *Toscanino* applies is a finding that the gross mistreatment leading to the forcible abduction of the defendant was perpetrated by representatives of the United States Government. In *Toscanino*, for instance, we stated that upon remand the defendant would be required to establish "that the action was taken at or by the direction of United States officials."

In the present case, the Court has before it the sworn affidavit of the defendant, Dominique Orsini, setting forth the aforementioned allegations of acts of torture, brutality, and inhumanity committed against him by or at the direction of American Agents. Such allegations, if substantiated, would clearly constitute a deprivation of defendant's constitutional rights of due process, as articulated in *Toscanino, supra, Lujan,* *supra,* and *Lira, supra*; and such denial of due process would require the dismissal of the indictment filed against Mr. Orsini as required by these cases.

The Court of Appeals in *Toscanino, supra,* clearly set forth the mandate that all District Courts must follow. There it said:

> Our remand should be construed as requiring an evidentiary hearing with respect to [a defendant's] allegations of forcible abduction only if, in response to the government's denial, he offers some credible supporting evidence, including specifically evidence that the action was taken by or at the direction of United States officials. 500 F.2d at 281.

It is the view of this Court that the defendant has met his burden of offering such credible evidence.

Accordingly, this Court will hold an evidentiary hearing to determine the validity of the defendant's allegations.

It is so ordered.