**STATE of Maine**

v.

**Ronald WILLIAMS.**

Supreme Judicial Court of Maine.

April 3, 1980.

---

Thomas E. Delahanty, II, Dist. Atty., F. Mark Terison, Asst. Dist. Atty. (orally), Auburn, for plaintiff.

Gaston M. Dumais (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GLASSMAN, Justice.

Following a jury trial in the Superior Court, Androscoggin County, the defendant, Ronald Williams, was convicted of the Class C offense of burglary, 17–A M.R.S.A. § 401, and of the Class E offense of theft by unauthorized taking or transfer, 17–A M.R.S.A. § 353. On appeal the defendant contends that the Superior Court Justice erred in denying a pre-trial motion to suppress evidence of a toolbox and tools which the jury later found were taken by the defendant from a State highway garage in Greene. Although this evidence was discovered pursuant to a search warrant in the trunk of a vehicle operated by the defendant, he argues that the police had no probable cause to detain him for questioning on the night of the crimes and that this illegal arrest tainted the discovery of the incriminating evidence the following day. We affirm the judgment.

While patrolling in his vehicle on Allen Pond Road in Greene at approximately 9:18 on the evening of September 25, 1978, Officer Strom of the County Sheriff's Office observed a rust-colored Ford automobile about to pull out onto the street from the entrance of a highway garage owned by the Maine Department of Transportation. Allowing the automobile to leave the driveway, the officer followed the vehicle to a stop sign a short distance away. After noting the registration number of the automobile and observing the vehicle turn onto Route 202 in the direction of Lewiston, the officer returned to the garage and found that a window in the building was open with the screen normally covering the window lying on the ground and that a door, which was normally secured and not used, had been forced open. Suspecting a burglary, Strom radioed police to stop the vehicle, which he identified by registration number, make and color.

At approximately 9:25 p. m., police in Lewiston stopped the vehicle matching Strom's identification. Police escorted the defendant, who was the operator of the automobile, and his two male companions to the County Sheriff's Office for questioning, where they were promptly given the *Miranda* warnings. At approximately 10:00 p. m., the garage foreman verified that a box containing tools was missing from the garage. Shortly thereafter, the three men were formally charged with burglary and with theft. One of the defendant's companions told police that the three men had broken into the garage and had taken something from the garage, putting it in the trunk of the vehicle. The defendant made no statements to the police. The following day, police obtained a warrant to search the impounded automobile and discovered in the trunk a box, containing tools, marked "Maine Department of Transportation."

Significantly, the defendant does not seek to impeach the search warrant pursuant to which the toolbox and tools were seized. *See* M.R.Crim.P. 41(e)(4). Rather, the defendant's position is that this evidence was the fruit of a warrantless arrest without probable cause.

 Investigatory seizures are arrests for constitutional purposes and therefore require for their legality the existence of probable cause. *State v. Ann Marie C.*, Me., 407 A.2d 715, 722 (1979); *Dunaway v. New York*, 442 U.S. 200, 206–215, 99 S.Ct. 2248, 2253–58, 60 L.Ed.2d 824, 832–837 (1979). It is clear from the facts in this case that the defendant's detention required probable cause. Even assuming the defendant's arrest was illegal, an issue we do not reach, an illegal arrest alone is not a constitutional defense to a criminal conviction. *State v. Stone*, Me., 294 A.2d 683, 693–96 (1972); *United States v. Crews*, —— U.S. ——, ——, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537, 547 (1980); *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, 424 (1886). A challenge to a conviction predicated on an illegal arrest can be successful only insofar

as the illegality contributed to the admission of evidence at trial.

 Here, the toolbox and tools were not secured through exploitation of the defendant's arrest. Rather, the defendant is attempting to raise the constitutional rights of his companion. " 'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.' " *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978), *quoting Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 966, 22 L.Ed.2d 176, 187 (1969); *see Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697, 702 (1960). It was the defendant's companion who supplied the police with information indicating that fruits of the crime were to be found in the trunk of the vehicle. Merely because the toolbox and tools were introduced against the defendant at trial or because the defendant was arrested along with his companion gives him no special standing to raise the constitutional rights of another person. *See State v. Parkinson*, Me., 389 A.2d 1, 12–13 (1978); *Alderman v. United States, supra*, 394 U.S. at 171–76, 89 S.Ct. at 965–968; *Wong Sun v. United States*, 371 U.S. 471, 491–492, 83 S.Ct. 407, 419, 9 L.Ed.2d 441, 457–58 (1963). *See also Rakas v. Illinois, supra*, 439 U.S. at 132–38, 99 S.Ct. at 424–427 (rejecting "target" theory).

The Superior Court Justice ruled that the defendant's arrest was based on probable cause. Because the discovery of the incriminating evidence was not the product of this arrest, it is unnecessary to consider whether the Justice's determination was clearly erroneous. *See, e. g., State v. Fogg*, Me., 410 A.2d 548, 550 (1980).

The entry is:

Appeal denied.

Judgment affirmed.

NICHOLS, J., did not sit.