Roger Dean MOSBY, Appellant,

v.

James MABRY, Commissioner, Arkansas Department of Correction, Appellee.

No. 80–1116.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1980.

Decided July 18, 1980.

John L. Kearney, Pine Bluff, Ark., argued, for appellant.

Roger Dean Mosby, pro se.

Jack W. Dickerson, Asst. Atty. Gen., Little Rock, Ark., argued, Steve Clark, Atty. Gen. and Jack W. Dickerson, Asst. Atty. Gen., Little Rock, Ark., on brief, for appellee.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

Petitioner appeals from the district court's [1] denial of petitioner's requested habeas corpus relief under 28 U.S.C. § 2254. We affirm the district court.

Petitioner primarily advances two arguments on appeal: (1) unlawful extradition and (2) deprivation of right to counsel through the admission of testimony by a state witness.[2]

Petitioner was arrested in New Orleans, Louisiana, in 1968, on state charges of vagrancy and public intoxication. He waived extradition and voluntarily returned with officials to Arkansas when he was told that he was wanted in Arkansas only for parole violation and assault with intent to kill. Upon returning, petitioner was charged with first degree murder. Petitioner is now serving a life sentence for that crime.

Petitioner argues that he was lured into the state of Arkansas by fraud and deceit and that the murder charge was pending against him at the time of the extradition request. Petitioner contends that this fraud voids the subsequent conviction.[3]

■ Even assuming petitioner's alleged facts to be true, he is still not entitled to habeas relief. *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed.2d 541 (1952) ("the power of a court to try a person for a crime is not impaired by the fact that he was brought within the court's jurisdiction by reason of a 'forcible abduction.' "); *Konigsberg v. Ciccone*, 417 F.2d 161, 164 and 164 n. 1 (8th Cir. 1969), *cert. denied*, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255 (1970); *Hunt v. Eyman*, 405 F.2d 384 (9th Cir. 1968), *cert. denied*, 394 U.S. 1020, 89 S.Ct. 1644, 23 L.Ed.2d 46 (1969) (improper extradition does not entitle appellant to a writ of habeas corpus).

■ There is also a dispute over testimony by the state's chief witness, police offi-

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Oren Harris, Senior District Judge for the Eastern District of Arkansas, conducted a hearing which included the testimony of petitioner.

2. Petitioner also contends in his pro se brief that (1) he was not advised of his rights before or during interrogation; (2) the prosecutor failed to disclose all evidence to the jury in regard to petitioner's alleged confession; (3) petitioner was denied a copy of the transcript of a previous trial that resulted in a mistrial and (4) the district court erred in not requiring a record of sufficient completeness from the state court.

3. There is a basis in the record from which one may conclude that petitioner confessed to the crime after he returned to Arkansas and that this confession was the basis for the charges being filed.

cer Tudor, who testified that petitioner had made an oral confession to him after being fully advised of his "*Miranda*" rights.

Petitioner makes some rather novel arguments in regard to this testimony, and concludes by alleging that there was a violation of appellant's right to counsel through the introduction of "impressions" of an alleged unwritten statement made while appellant was without an attorney during custodial interrogation.

While the testimony of Tudor and the testimony of petitioner conflict, the only issue is one of credibility. There was no error in allowing the testimony. *See, Mosby v. State*, 489 S.W.2d 799, 801 (Ark.1973).

We have reviewed all of petitioner's arguments and find no error by the district court. The district court is affirmed.