Jones, J.
(concurring). I agree that the order of the Appellate Division should be affirmed, but I would premise that result on a somewhat different analysis than does the majority. Normal prosecution procedures are not foreclosed because defendant’s identity became known to the *975 police in consequence of his illegal arrest on unrelated charges. This situation is to be distinguished from that in which exploitation of illegal police action has led to the discovery of evidence later sought to be used to obtain a defendant’s conviction.
On October 4, 1976 two security guards, John Casey and Carlton Edwards, employed at an A & P supermarket in The Bronx were robbed at gunpoint. Included in the articles stolen was Casey’s .38 calibre pistol. In their efforts to apprehend the robbers, the Bronx County police sent out a multi-State alarm for the registered pistol, and eventually this alarm became nationwide when it was entered in the National Crime Information Center system.
On December 30, 1976, in consequence of the N.C.I.C. alarm, the Bronx County police received information by telephone from the Suffolk County police that the latter had recovered the registered pistol when three individuals were arrested on weapons possession charges in Suffolk County. The Suffolk County police provided the names and dates of birth of the three men held in their custody, which included those of defendant. Prior to receipt of this information, the Bronx County police had had no leads connecting defendant to the October 4 robbery.
When the Suffolk County police made no response to a request for photographs of defendant, the Bronx County police obtained his mug shot photographs from the Bureau of Criminal Identification of the New York City Police Department, mug shots which had been in that bureau’s possession for some time. Armed with the photographs so obtained, the Bronx County police compiled a 10-photo array. When this array was exhibited to Casey and Edwards, each identified defendant. Thereupon a felony complaint was filed against defendant and a warrant issued for his arrest. On the basis of this warrant defendant was brought to Bronx County and placed in a lineup at which defendant’s attorney was present. On viewing this lineup, Casey but not Edwards again identified defendant.
Meanwhile the Suffolk County prosecution of defendant on the weapons possession charges had been progressing and resulted in defendant’s conviction. When that convic *976 tion was reversed at the Appellate Division on the ground that defendant’s arrest and the incidental seizure of the weapons had been illegal (People v La Borde, 66 AD2d 803), defendant made the present motion in Bronx County to suppress all pretrial and in-court identification testimony of Casey and Edwards with reference to the Bronx County robbery. Supreme Court granted the motion, and on appeal the Appellate Division reversed, one Justice dissenting. As indicated, I, too, would affirm the order of the Appellate Division.
It is defendant’s submission that the identification testimony must be suppressed under the doctrine of fruit of a poisoned tree (Wong Sun v United States, 371 US 471) inasmuch as the identification testimony was the product of defendant’s illegal arrest in Suffolk County. Defendant’s contention is grounded in a faulty analysis and must be rejected.
The illegality incident to defendant’s arrest in Suffolk County in no way infected the testimony of John Casey or Carlton Edwards with respect to their identification of defendant in the photo array or with respect to the former’s lineup identification of defendant. Nor would it infect any in-court identification testimony of either witness. None of such testimony can be characterized as the fruit of any poisoned tree.
The illegal arrest in Suffolk County did call defendant’s existence to the attention of the Bronx County authorities and enable them to determine for the first time who it was who might have committed the robbery at the A & P supermarket on the morning of October 4, 1976; it unquestionably was the triggering event in the location of defendant. Although the Suffolk County arrest led the police to knowledge of defendant’s identity, it did not lead them to any testimony or proof with respect to his identification as a participant in the supermarket robbery. The two witnesses were both known to the police prior to defendant’s arrest in Suffolk County. Their recogniton of defendant and their testimony as to such recognition stemmed from observations made by them at the time of the robbery,- wholly unrelated to his subsequent illegal arrest. The photos used *977 in the photo array had not been taken at the time of or in connection with the Suffolk County arrest. They were not obtained from the Suffolk County Police Department; they were obtained from the Bureau of Criminal Identification of the New York City Police Department.
In this circumstance the trespass on defendant’s constitutional rights when he was arrested in Suffolk County does not preclude the use of identification testimony from Casey or Edwards in connection "with defendant’s prosecution on the Bronx County charges. Suppression in consequence of violation of the constitutional provisions forbidding unreasonable searches and seizures (US Const, 4th Amdt; NY Const, art I, § 12) is directed to testimonial and physical evidence (e.g., Wong Sun v United States, 371 US 471, 485, supra). The constitutional provisions do not prevent the use of the People’s knowledge of the identity of defendant even if acquired through violation of the constitutional proscriptions, nor would any such antecedent illegality, to the extent that it led to knowledge of his identity as distinguished from evidence of his guilt, restrict the procedures to be employed or the evidence to be relied on for his subsequent prosecution. To suggest that the testimony of witnesses that defendant was the perpetrator of the crime must be suppressed because illegality led to the People’s awareness of defendant’s identity (as contrasted with illegality resulting in the discovery of the witnesses or in the elicitation of their testimony) would be a novel and wholly unacceptable doctrine for which, so far as I am aware, there is no authority (cf. Frisbie v Collins, 342 US 519, 522).
Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur in memorandum; Judge Jones concurs in a concurring opinion in which Judges Jasen and Meyer concur.
Order affirmed.