818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Lucas Gerrardo Caballero SALINAS, a/k/a Robertito, a/k/a
Robert, a/k/a Roberto, Defendant--Appellant
 No. 86-5650.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided April 30, 1987.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation,
 Vincent Richard Alot (John P. Fishwick, Jr., on brief), for appellant.
 Thomas Jack Bondurant, Jr., Assistant United States Attorney (John P. Alderman, United states Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Defendant appeals from the order of the district court denying his motion to dismiss the indictment in which he is charged with conspiracy to import cocaine and his petition for a writ of habeas corpus. It is defendant's contention that he was arrested in Panama at the request of the agents of the Drug Enforcement Administration and held for approximately 24 hours under such egregious circumstances that he was denied due process and other constitutional rights all to the end that the district court was required to relinquish jurisdiction over him.
 
 
 2
 We are not persuaded and we affirm.
 
 
 3
 Although defendant argues that he was physically abused by Panamanian authorities while he was in their custody, the evidence on this issue was conflicting and the district court found that defendant was not abused. This finding is not clearly erroneous and will not be disturbed.
 
 
 4
 Defendant also argues that the DEA agents bribed Panamanian officials to take him into custody. While the district court made no finding in this regard, we conclude that the record provides inadequate factual support for the contention. Similarly, the record provides no basis on which it could be found that the DEA agents knew or should have known that defendant would be subjected to physical abuse by Panamanian officials when they requested them to take defendant into custody.
 
 
 5
 We conclude that as a factual matter defendant's appeal is lacking in merit. We are constrained to add, however, that even if defendant's version of what transpired were accepted as fact his case would not fall into the scope of the holding in United States v. Toscanino, 500 F.2d 267 (2d Cir. 1974), the authority on which he principally relies. We therefore express no view as to the continued viability of that precedent in the light of the decisions in Gerstein v. Pugh, 420 U.S. 103, 119 (1975), and United States v. Crews, 445 U.S. 463, 474 (1980), recognizing the principles laid down in Ker v. Illinois 119 U.S. 436 (1886), and Frisbie v. Collins, 342 U.S. 519 (1952).
 
 
 6
 AFFIRMED.