48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel MALDONADO-VALDEZ, Defendant-Appellant.
 No. 94-16194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Maldonado-Valdez, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his conviction for conspiracy to possess and possession of 1,299 pounds of cocaine with intent to distribute. Maldonado contends that (1) probable cause to arrest him was lacking; (2) insufficient evidence supported his convictions; and (3) the trial court improperly admitted evidence of an unrelated crime. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 First, Maldonado contends his conviction should be vacated because the police lacked probable cause to arrest him. This contention lacks merit because an illegal arrest is not a basis for reversing a conviction. United States v. Crews, 445 U.S. 463, 473 (1980); United States v. Allen, 675 F.2d 1373, 1383 (9th Cir.1980) (citing Frisbie v. Collins, 342 U.S. 519, 522 (1952)), cert. denied, 454 U.S. 833 (1981).
 
 
 4
 Second, Maldonado contends insufficient evidence supported his convictions for possession of cocaine and conspiracy. To prevail on such a claim, Maldonado must show that no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Larm, 824 F.2d 780, 782 (9th Cir.1987), cert. denied, 484 U.S. 1078 (1988).
 
 
 5
 Here, the evidence was more than sufficient to conclude beyond a reasonable doubt that Maldonado knowingly possessed cocaine and participated in a conspiracy to possess cocaine for distribution. Maldonado was arrested, along with his codefendant Ojeda, upon exiting a storage shed that contained 1,299 pounds of cocaine. Inside the shed, a large stack of bundles of cocaine was clearly visible. Ojeda admitted to the police that the cocaine was to be transported to Los Angeles in a tractor-trailer rig. The police located the rig and found it contained a hidden compartment. Prior to Maldonado's arrest, the police had observed Maldonado and four of his codefendants loading or unloading what the police suspected was contraband, based in part on information obtained previously. When three vehicles drove away from the site, the police stopped them and found that they contained no contraband. They obtained the consent of the owner to search the property where they had observed the unloading, searched the property, and found Maldonado and Ojeda in the shed with the cocaine. This evidence was sufficient to support Maldonado's convictions. See United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993) (once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy; defendant's agreement may be inferred from a defendant's proximity to the scene of illicit activity and his participation may be inferred from circumstantial evidence), cert. denied, 114 U.S. 1648 (1994); Allen, 675 F.2d at 1384-85 (evidence that defendants participated in transfer of large amount of marijuana at sea or in unloading the contraband on shore sufficient to support convictions for conspiracy and possession).
 
 
 6
 Third, Maldonado contends the district court erroneously admitted evidence concerning another tractor-trailor rig with a similar hidden compartment that held a pound of marijuana when seized. On direct appeal, we will reverse a conviction based on a nonconstitutional evidentiary error only if the error more likely than not affected the verdict. United States v. Blaylock, 20 F.3d 1458, 1463-64 (9th Cir1994); United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987). In a collateral attack on a conviction, a nonconstitutional error does not provide a basis for relief unless it constituted a fundamental defect that inherently results in a complete miscarriage of justice. United States v. Addonzio, 442 U.S. 178, 185 (1979). In light of the evidence of Maldonado's connection to 1,299 pounds of cocaine, it is unlikely that the evidence concerning the second rig affected the verdict. Admission of the evidence could not have resulted in a miscarriage of justice.
 
 
 7
 Accordingly, we AFFIRM the district court's denial of Maldonado's Sec. 2255 motion. See Rules Governing Section 2255 Proceedings, Rule 4(b) (section 2255 motion can be denied without an evidentiary hearing "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3