United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50760 c/w
No. 02-50761
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO LUIS VALERIANO-VALLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-39-2 and USDC No. P-01-CR-362

--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ernesto Luis Valeriano-Valles appeals his guilty-plea convictions for conspiracy to possess with intent to distribute marijuana and for importation of marijuana in violation of 21 U.S.C. § 846.

Valeriano asserts that the district court erred when it denied his motion to suppress the indictment because the district court lacked jurisdiction due to his abduction by force by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mexican authorities and delivery to the United States Government. He asserts that his abduction violated due process and the terms of the Extradition Treaty between the United States and Mexico, 31 U.S.T. 5059, 5065 (May 4, 1978).

This court adheres to the Ker-Frisbie doctrine, set forth in Ker v. Illinois, 119 U.S. 436, 440 (1886), and Frisbie v. Collins, 342 U.S. 519, 522 (1952), which provides that due process is not denied by a court's assumption of jurisdiction over a defendant who is forcibly brought before the court. See United States v. Wilson, 732 F.2d 404, 410-11 (5th Cir. 1984). Valeriano relies on United States v. Toscanino, 500 F.2d 267, 275 (2d Cir. 1974), and asserts that his case warrants an exception to the Ker-Frisbie doctrine. This court has not accepted Toscanino as a departure from the Ker-Frisbie doctrine. See Wilson, 732 F.2d at 411. Moreover, Valeriano has not established that the district court erred when it concluded that the facts he alleges are not supported by the record.

Valeriano's argument that the district court lacked jurisdiction because his abduction violated the extradition treaty between the United States and Mexico is also without merit. See United States v. Alvarez-Machain, 504 U.S. 655, 664-70 (1992) (the United States/Mexico extradition treaty does not prohibit international abductions), and United States v. Chapa-Garza, 62 F.3d 118, 120 (5th Cir. 1995) ("A criminal defendant abducted to the United States from a nation with which it has an

extradition treaty does not acquire a defense to the jurisdiction of this country's courts. The language of this country's treaty with Mexico does not support the proposition that abductions are prohibited outside its terms.") (citations omitted).

The judgment of the district court is therefore AFFIRMED.