UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2005[*]
Decided May 20, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-1103

DARO WEILBURG,
      *Petitioner-Appellant.*

      *v.*

GREGORY SIMS,
      *Respondent-Appellee,*

Appeal from the United States District Court for the Northern District of Illinois, Western Division

No. 03 C 50451

Philip G. Reinhard,
*Judge.*

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

# O R D E R

Daro Weilburg was in Arizona at the time that Illinois brought charges against him for failing to surrender himself on a theft conviction.  Weilburg was eventually extradited to Illinois, found guilty of violating his bail bond, and sentenced to thirty-months' imprisonment to run concurrently with his seven-year sentence for theft.  He filed a petition for habeas corpus in the district court claiming, as relevant here, that his conviction should be overturned because the Assistant State's Attorney altered the indictment submitted to Arizona for his extradition.  Specifically, the Assistant State's Attorney crossed out the description of the underlying crime for which he failed to surrender himself, which she had incorrectly listed as "burglary," and corrected it to read "theft."  The district court denied the petition, concluding under *Frisbie v. Collins*, 342 U.S. 519, 522, (1952), and *United States v. Mitchell*, 957 F.2d 465, 470 (7th Cir. 1992), that the manner of extradition was irrelevant to the power of the requesting state to convict Weilburg.

The Supreme Court has upheld this principle for over 100 years.  *See Frisbie*, 342 U.S. at 522; and *Ker v. Illinois*, 119 U.S. 436, 441, 445 (1886) (collectively the "*Ker-Frisbie* doctrine").  Weilburg's only argument on appeal is that the Assistant State's Attorney's actions were so egregious that we should carve out an exception to the *Ker-Frisbie* doctrine as the Second Circuit did in *United States v. Toscanino*, 500 F.2d 267, 275 (2d Cir. 1974) (creating exception to the *Ker-Frisbie* doctrine where appellant was tortured and interrogated for seventeen days).  However, we have already rejected that approach, and have declined to create any exceptions to the doctrine.  *See Mitchell*, 957 F.2d at 470; *Matta-Ballesteros v. Henman*, 896 F.2d 244, 263 (7th Cir. 1990) (declining to create exception where petitioner was tortured). We see no reason here to part with this longstanding precedent.

AFFIRMED.