**NOT FOR PUBLICATION**

FILED

OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50050 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01258-GW-1 |
| v. | MEMORANDUM[*] |
| PETER OMAGBEMI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 2, 2017[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[***]
District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Peter Omagbemi pleaded guilty to one count of wire fraud. As part of his plea, he reserved the right to appeal from the denial of his motion to dismiss the indictment. The motion to dismiss was based on Omagbemi's claim that, after he got lost near the U.S.-Canada border, he was approached by a Customs and Border Protection officer who ordered Omagbemi to follow the officer across the border into the United States. In this appeal, Omagbemi argues that the indictment should have been dismissed "because the government failed to preserve evidence of his abduction by United States border patrol [sic] officers from Canada into the United States in violation of due process and because the destroyed evidence would have established lack of jurisdiction [sic] over Omagbemi as a result of the abduction." This argument is without any merit.

Even if the government in fact improperly failed to preserve evidence of Omagbemi's "abduction" to the United States—a question we do not decide—the evidence in question would have established no more than Omagbemi was in fact "abducted" in the manner in which he alleges. Yet, even if he had been "abducted" in that manner, Omagbemi would not be entitled to any relief from an indictment charging him with wholly unrelated criminal conduct. In *United States v. Alvarez-Machain*, 504 U.S. 655 (1992), the Supreme Court held that the *Ker-Frisbie* doctrine, which permits jurisdiction when suspects are taken from foreign countries in order to

2

bring them to trial in the United States, *Ker v. Illinois*, 119 U.S. 436 (1886), or from one state for trial in another state, *Frisbie v. Collins*, 342 U.S. 519 (1952), applied even when (1) the United States government was involved in the taking and (2) an extradition treaty existed between the United States and the country from which the defendant had been taken. *Id.* at 660–62, 669–70. The critical basis for the holding in *Alvarez-Machain* was that the treaty in that case, between the United States and Mexico, "says nothing about the obligations of [the party nations] to refrain from forcible abductions," *id.* at 663, and that in the absence of such an obligation, the abduction of a criminal defendant to the United States does not deprive the district court of jurisdiction to hear the case, *id.* at 664–70.

Omagbemi does not rely on the language of the extradition treaty between the United States and Canada, or any of its subsequent protocols. Instead, he relies on a 1988 exchange of letters between the United States Secretary of State and the Canadian Secretary of State for External Affairs that addresses the issue of "transborder abduction of persons found in Canada to the United States of America by civilian agents of bail bonding companies." Protocol Amending the Treaty on Extradition, Can.-U.S., Jan. 11, 1988, 27 I.L.M. 422, 427 (1988). Moreover, the letter and response reflect that the exchange was "not intended . . . to create or otherwise alter any rights or privileges for private parties." *Id.* at 429. This language, which

3

Omagbemi ignores in his brief, removes any shadow of doubt that the 1988 exchange provides him with no grounds to challenge the jurisdiction of the district court and the validity of his conviction.

The judgment of the district court is **AFFIRMED**.