**Robert Edward HARRIS, Gerald Wayne McGhee, Appellants,**

**v.**

**The STATE OF SOUTH CAROLINA; James B. Edwards, Governor of South Carolina; Tommy Frazier, South Carolina Law Enforcement Division Agent; J. Dupre Miller, Solicitor, Fourth Judicial Circuit of South Carolina; and David Munnerlyn, Deputy Sheriff, Marlboro County, South Carolina; and other unknown named law enforcement officers of Marlboro County, South Carolina, Appellees.**

**No. 79–6744.**

United States Court of Appeals,
Fourth Circuit.

Argued June 3, 1980.

Decided Feb. 20, 1981.

---

Thomas F. Loflin, III, Durham, N. C., (Loflin, Loflin, Galloway & Acker, Durham, N. C., on brief), for appellants.

Emmet H. Clair, Deputy Atty. Gen., Columbia, S. C., (Daniel R. McLeod, Atty. Gen., Columbia, S. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WIDENER, Circuit Judge, and HOFFMAN, Senior District Judge.*

WIDENER, Circuit Judge:

The petitioners, Robert Edward Harris and Gerald Wayne McGhee, petitioned the district court for a writ of habeas corpus, alleging that their extradition to South Carolina was illegal. They sought to have the court direct their removal from that State. From a denial of their application, the petitioners appeal. We affirm.

The facts of this case are not in dispute. On June 6, 1977, a South Carolina police officer noticed the petitioners' car leaving from the vicinity of an armed robbery. Following a chase across the border into North Carolina, the petitioners crashed and were apprehended by North Carolina police

officers. In September 1977, a South Carolina magistrate issued warrants for their arrest, and the Governors of the two States soon thereafter issued the necessary extradition papers. The petitioners were taken before the Superior Court of Robeson County, North Carolina, and following a hearing, the court ruled that the South Carolina arrest warrants were insufficient to state probable cause. The court continued the case for two weeks, however, to allow the State the opportunity to amend the papers. South Carolina failed to resubmit the arrest warrants, and the court entered a final order, without prejudice, denying extradition to the State of South Carolina under the papers originally presented to it.

Subsequently, South Carolina obtained new warrants and again made an extradition request. This time the hearing was held in the Superior Court of Durham County, North Carolina, where the petitioners permanently resided. That court held that the arrest warrants, with an attached affidavit, were valid, and on October 19, 1977 ordered that the petitioners be turned over immediately to the South Carolina authorities. The court refused to stay its order of extradition to allow the petitioners time· to seek discretionary review in the North Carolina Court of Appeals, and the petitioners were then transported to South Carolina.

On December 8, 1977, after having been released on bail, the petitioners filed this action pursuant to 28 U.S.C. § 2254 and 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina, against the State of South Carolina and certain State officials. Seeking a writ of habeas corpus, as well as declaratory and injunctive relief, the petitioners' primary allegation was that the arrest warrants were not based on probable cause and thus the extradition was illegal. They requested the court to direct their outright release, or, in the alternative, to require that their bail restrictions be eased so as to allow them an

---

* United States District Court for the Eastern District of Virginia, sitting by designation.

opportunity to seek review of the extradition decision in North Carolina.[1]

The district court denied relief, holding (1) that the petitioners had no right to asylum in North Carolina; (2) that the extradition requirements were satisfied notwithstanding the claim that the warrants did not state probable cause; (3) that the North Carolina court's denial of a stay was both proper and binding on a federal court; (4) that petitioners could raise their claims by a motion to suppress at trial; and (5) that extradition could not be challenged in the demanding State after extradition had already occurred. This appeal followed.

The only question before us on appeal is whether the district court's denial of the application for a writ of habeas corpus under 28 U.S.C. § 2254 was in error, and thus we need address only whether the petitioners are now being held in custody in violation of the Constitution or the laws of the United States.[2] An indictment for armed robbery was returned against the petitioners on November 7, 1977, and an indictment for aggravated assault and battery was returned on November 17, 1977. Additionally, the petitioners were released on a continuing bond, and are thus required to appear and answer for the underlying offense.[3] Even assuming that the second warrants presented by the State of South Carolina were insufficient, which is doubtful, and even assuming that the extradition was somehow improper, which is also doubtful, the petitioners are still not entitled to relief. They are asking that they be released from the custody of the State of South Carolina on account of what they allege to have been an illegal extradition, but they are now held to answer on account of the indictments, rather than the arrest warrants under which they were extradited, and they have made no challenge to the indictments.

It is settled law that "the power of a court to try a person for a crime is not impaired by the fact that he has been brought within the court's jurisdiction" by whatever method, even "by forcible abduction." *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952). If forcibly abducting the petitioners and bringing them into the State would not have deprived South Carolina of the power to prosecute the petitioners, the extradition in this case surely cannot work to deprive the State of that power. We see no basis for the petitioners now to challenge their confinement, and they cannot now attack by way of § 2254 the method by which they were brought into South Carolina and the power of that State to prosecute them.

Accordingly, the judgment of the district court is

AFFIRMED.

---

**1.** No issue concerning 42 U.S.C. § 1983 is raised on appeal as that section may be distinguished from 28 U.S.C. § 2254.

**2.** 28 U.S.C. § 2254(a):

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.

**3.** See S. C.Code § 17–15–20:

> Every appearance recognizance or appearance bond will be conditioned on the person charged personally appearing before the court specified to answer the charge or indictment and to do and receive what shall be enjoined by the court, and not to depart the State, and be of good behavior toward all the citizens thereof, or especially toward any person or persons specified by the court.