946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luquam JONES, Defendant-Appellant.
 No. 91-5400.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Oct. 22, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-92-G)
 Danny T. Ferguson, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Luquam Jones was convicted by a jury of conspiracy to distribute crack cocaine (21 U.S.C. § 846) and possession with intent to distribute crack cocaine (21 U.S.C. § 841). He appeals his conviction and sentence on the grounds that the district court erred in denying his motion to suppress and his pro se motion to dismiss, and in denying him a reduction in offense level for acceptance of responsibility. We affirm.
 
 
 2
 Jones and two companions, all residents of New Jersey, were walking in an area of Greensboro, North Carolina, where drugs are often sold when they encountered two plain-clothes vice squad detectives. The detectives testified at the suppression hearing that Jones and his friends stood out because they were better and more neatly dressed than most inhabitants of the area. When hailed by the officers, Jones and his friends approached them. When the officers showed their own identification, asked to see identification, and asked permission to do a pat-down search, Jones acquiesced and raised his arms. The officer searching him felt a hard bulge under Jones's jacket and found a spray can. The bottom of it was loose, and the officer was aware that such cans with false bottoms were often used to hide drugs. Almost simultaneously, one of Jones's companions spit out a plastic bag containing what appeared to be crack which he had attempted to conceal in his mouth. The officer unscrewed the bottom of the can and found more crack in it.
 
 
 3
 After his arrest and indictment, Jones sought to suppress both the can and the crack, alleging that in opening it the officer had exceeded the scope of a Terry[1] search. The district court ruled that by the time the officer opened the can, Jones's companion had spit out the bag of drugs, and probable cause was present for arrest and a thorough search incident to arrest. This finding is not clearly erroneous, and the motion was thus properly denied.
 
 
 4
 Five co-conspirators testified at Jones's trial. They described numerous occasions on which they had bought crack in New York and transported it to North Carolina for sale.
 
 
 5
 During his trial, Jones filed a pro se motion to dismiss the charges against him. He claimed that the court-appointed attorney who had advised him in New Jersey following his arrest there[2] was ineffective, that he did not knowingly waive extradition, and that an extradition hearing would have cleared him. The district court correctly refused to consider the motion. An extradition hearing does not address issues of guilt or innocence, and even an illegal extradition does not remove the power of the court to try the person extradited. Frisbie v. Collins, 342 U.S. 519 (1952); Harris v. South Carolina, 642 F.2d 71 (4th Cir.1981).
 
 
 6
 Finally, Jones maintains that he deserved a two-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. A defendant seeking this reduction must demonstrate by a preponderance of the evidence that he recognizes and affirmatively accepts personal responsibility for all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (1990). The district court's decision as to whether he has done so is a factual question reviewed for clear error. United States v. White, 875 F.2d 427 (4th Cir.1989). In his trial testimony, Jones admitted possessing the can of crack; however, he denied that it belonged to him or that he had any involvement in selling drugs. He persisted in this view after his conviction. Just before his sentencing, he informed the district court that he now understood the complex law pertaining to conspiracy and therefore accepted responsibility for participation in the conspiracy. While recognizing that a defendant could plead not guilty, go to trial and still earn the reduction afterward, the district court determined that in Jones's case it was not warranted. We do not find that this determination is clearly erroneous.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Terry v. Ohio, 392 U.S. 1 (1968)
 
 
 [2]
 Jones was apparently released after his initial arrest and returned to New Jersey. Several months later he was apprehended there after his indictment in North Carolina