Joe Lebron DEAVORS, Plaintiff,

v.

Irvin BURNHAM, et al., Defendants.

No. C–3–80–430.

United States District Court,
S. D. Ohio, W. D.

June 30, 1981.

Joe Lebron Deavors pro se.

Kenneth R. Pohlman, Asst. Pros. Atty., Dayton, Ohio, for defendants.

### DECISION AND ENTRY DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

RICE, District Judge.

On May 5, 1981, 513 F.Supp. 919, this Court dismissed plaintiff's civil rights action against defendants, two Montgomery County Deputy Sheriffs. The complaint, filed pursuant to 42 U.S.C. § 1983, alleges that defendants' failure to collect, preserve and protect certain evidence in connection with the criminal charges of which plaintiff was convicted, and for which he is presently incarcerated, violated his rights under the equal protection and due process clauses of the Fourteenth Amendment. The Court concluded in its decision and entry that plaintiff had failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983, or under the alternative avenue of federal habeas corpus relief. This conclusion rested on plaintiff's failure to allege a deprivation of any right secured to him under the United States Constitution or laws of the United States. *See*, doc.

# 12. The Court also stated that, even assuming plaintiff had stated a cognizable claim for habeas relief, such relief would have been denied, under the deliberate bypass doctrine, on the ground that plaintiff had conceded that he failed to raise the issue of preservation of evidence on appeal.

This matter is now before the Court on plaintiff's motion for reconsideration of the Court's May 5 Entry. This motion was made in the form of a letter to the Court, dated May 16, 1981. Upon receipt thereof, this Court ordered that the letter and the documents attached thereto be made part of a formal motion for reconsideration. *See*, doc. # 14, June 4, 1981. On June 19, 1981, the Court received an "Additional Supplement to Plaintiff Motion for Reconsideration," with additional supporting documents attached thereto.

This Court has reviewed the record, and has carefully examined plaintiff's letter of May 16, 1981, and the recent supplement, together with all documents submitted therewith. Although the materials filed subsequent to May 5, 1981, do provide further insight into plaintiff's allegations, nothing contained therein alters the Court's conclusion that plaintiff has failed to state a claim upon which relief can be granted.

■ Plaintiff is laboring under the misconception that defendants owed him a constitutionally grounded duty to ensure the availability of the DiPino vehicle and its contents, until such time as plaintiff could inspect and examine same to determine what, if any, potentially exculpatory evidence might be extracted therefrom. There is simply no authority which imposes such a duty. Likewise, the Court knows of no authority requiring these defendants to preserve, for plaintiff's benefit, the inventory that was made of the vehicle's contents on the night of the shooting incident or requiring defendants to seize and/or inventory the contents of Mrs. DiPino's purse. Additionally, the Court is unfamiliar with any rule obligating these defendants to make inquiries of the party to whom the objects and items were released regarding

where they would be taken or maintained after release, or to maintain information as to the whereabouts of said objects or items after they were released. There is no indication that either or both of these defendants took any action, beyond releasing the vehicle, to obstruct plaintiff's access to same. Moreover, by plaintiff's own statements, he cannot prove that any of the actions taken by defendants in connection with the DiPino vehicle were motivated by malicious intent, which is necessary to support a claim for relief under § 1983.

Thus, even under the most liberal construction of plaintiff's collective submissions, including those filed subsequent to the Court's Entry of May 5, 1981, the Court remains satisfied that plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Absent a constitutional duty, and absent malicious intent, no such relief can be granted, regardless of whether one of the defendants harbored the personal opinion that the Di-Pino vehicle was "evidence." Thus, the Court is of the opinion that plaintiff's motion for reconsideration of the May 5, 1981 decision and entry, dismissing plaintiff's § 1983 complaint, for failure to state a claim upon which relief can be granted, is not well taken, and same is, therefore, overruled.

The Court further concludes that plaintiff's motion for reconsideration, as it relates to converting this complaint into a petition for writ for federal habeas corpus is, likewise, not well taken. The complaint in this action cannot be cured by converting it in the manner urged by plaintiff. It is not the characterization or form of the pleading which is defective; rather, its defect lies in the plaintiff's failure to allege a set of facts which, if proved, would constitute a violation of his constitutional rights under either the equal protection or due process of the Fourteenth Amendment. In other words, this Court specifically concludes that the complaint, whether read under 42 U.S.C. § 1983 or under 28 U.S.C. § 2254 (habeas corpus), does not allege the deprivation of any right under the United States Constitution or laws of the United States, and, therefore, does not state a claim for which relief can be granted under either of these statutory provisions.

Moreover, even assuming that the complaint had stated a claim of constitutional deprivation for which no relief could be granted under § 1983, but which *might* entitle plaintiff to federal habeas corpus relief, the Court would, notwithstanding plaintiff's letter of May 16, 1981, have denied such relief under the deliberate by-pass doctrine. *See, Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In its May 5, 1981 decision and entry, the Court noted plaintiff's admission that the issue of preservation of evidence had not been raised on appeal, and stated, in effect, that such failure warranted invocation of the deliberate by-pass doctrine, under which a federal judge, in his discretion may "deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Fay v. Noia,* 372 U.S. at 438, 83 S.Ct. at 848; *see also,* doc. # 12, at 5. In his letter of May 16, 1981, plaintiff undertakes to explain the reasons why the issue was not raised on appeal. However, plaintiff does not allege in this letter, or in any of his submissions, that he raised this matter at any time after trial. The deliberate by-pass doctrine does not apply only with respect to state appellate procedures. Rather, it requires that all available state remedies, including post conviction relief, be exhausted. Thus, even if the reasons stated by plaintiff regarding his appeal were legally sufficient to excuse his failure to raise the issue of preservation of evidence during those proceedings, the deliberate by-pass doctrine would nonetheless apply in the absence of an allegation that plaintiff has exhausted *all* available state remedies.

In summary, the Court has considered all of plaintiff's submissions on this matter. Based thereon, and for the aforestated reasons, the Court concludes that plaintiff has failed to allege facts which, even if proven, would support his claim that defendants

violated his rights under the equal protection and/or due process clauses of the Fourteenth Amendment. Consequently, he has failed to state a claim upon which relief can be granted, under either 42 U.S.C. § 1983 or 28 U.S.C. § 2254. Additionally, even if the complaint could be, and were converted into a petition for writ of habeas corpus, under some colorable claim, the writ would be denied, under the deliberate by-pass doctrine because plaintiff has failed to allege exhaustion of all available state remedies. Therefore, plaintiff's motion for reconsideration of the Court's decision and entry of May 5, 1981, is overruled in its entirety.