**Richard L. VAN WINKLE,**
**Petitioner–Appellant,**

v.

**Richard MORGAN, Respondent–**
**Appellee.**

No. 03–35371.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 9, 2004.

Richard L. Van Winkle, Bellingham,
WA, pro se.

Gregory Rosen, Olympia, WA, for Respondent–Appellee.

Before: ALARCÓN, W. FLETCHER,
and RAWLINSON, Circuit Judges.

MEMORANDUM **

Richard Van Winkle appeals the district court's denial of his petition for a writ of habeas corpus. In 1995, a jury in Whatcom County, Washington convicted Van Winkle of two counts of incest in the first degree and two counts of incest in the second degree. Van Winkle was sentenced to 120 months in prison.

Van Winkle was arrested in Oregon in April 1995 and waived extradition to Washington to face charges in Clark County. At this time, charges against Van

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Winkle were also pending in Idaho and Wyoming. Van Winkle alleges that he then entered into an agreement with Clark County officials, under which he waived extradition to Idaho in exchange for the dismissal of the Clark County charges. Van Winkle further alleges that Clark County officials had told him that no other warrants were pending against him in Washington at the time this agreement was finalized. In fact, the Whatcom County prosecutor had issued a warrant naming Van Winkle on or about June 10, 1995. On July 5, 1995, Van Winkle was transported from Clark County to Whatcom County Jail to stand trial on the incest charges, and he was subsequently convicted.

The district court, adopting the magistrate judge's report and recommendations, dismissed Van Winkle's federal habeas petition and denied Van Winkle's application for a certificate of appealability. We granted the request for a certificate of appealability with respect to the following issue: "whether the Whatcom County Superior Court lacked jurisdiction over appellant, including the question of whether the district court properly relied on *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952)."

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). Van Winkle's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Under AEDPA, this court must "defer to the state court's determination of the federal issues unless that determination is 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir.2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). To show that the state court unreasonably applied federal law, a petitioner must demonstrate "that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but 'objectively unreasonable.'" *Davis v. Woodford*, 384 F.3d 628, 637–38 (9th Cir.2004) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).

The Washington Supreme Court did not unreasonably apply federal law in rejecting Van Winkle's jurisdictional challenge. Van Winkle contends that the Whatcom County court lacked jurisdiction over him because his intrastate transfer from Clark County to Whatcom County violated the Uniform Criminal Extradition Act (UCEA), codified at Revised Code of Washington 10.88, and the doctrine of specialty.[1] Even assuming that (1) such an agreement with Clark County officials existed; (2) the UCEA is a federal law; and (3) the doctrine of specialty applies to interstate, as well as international, extradition—three questionable premises—Van Winkle's argument is unavailing. It is well settled that illegality in the manner of bringing a criminal defendant before a court does not thereby deprive that court of jurisdiction. In *United States v. Alvarez–Machain*, 504 U.S. 655, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992), the Supreme Court held that a defendant's forcible abduction from Mexico did not "therefore prohibit his trial in a court in the United States for violations of the criminal laws of the United States." *Id.* at 670; *see also Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952)

---

1. In the context of international extradition, the doctrine of specialty "prohibits the requesting nation from prosecuting the extradited individual for any offense other than that for which the surrendering state agreed to extradite." *United States v. Andonian*, 29 F.3d 1432, 1434–35 (9th Cir.1994) (internal citation omitted).

("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.").

We therefore AFFIRM the district court's denial of the petition for a writ of habeas corpus.