**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-5069**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

YASHUA ANK BEY EL,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00248-WO-1)

───────────

Submitted:  October 29, 2010          Decided:  November 18, 2010

───────────

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yashua Ank Bey El appeals his conviction and sentence entered after his guilty plea to one count of failure to report to the Bureau of Prisons for service of sentence, in violation of 18 U.S.C. § 3146(a)(2), (b)(1)(A)(ii) (2006). His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious arguments, but raising for the court's consideration issues raised by El. According to counsel, El challenges (1) personal and subject matter jurisdiction of the district court; (2) the denial of a remedy under the U.S. Bankruptcy code; (3) conflict of interest concerning the district court; (4) ineffective assistance of trial counsel; and (5) validation of debt requested. El filed a pro se supplemental brief. The Government did not file a brief. Finding no error, we affirm.

We have reviewed the proceedings leading up to El's guilty plea and the Rule 11 plea colloquy and find no error. We conclude that his guilty plea was knowingly and voluntarily entered. We have also reviewed the district court's sentencing decision and conclude there was no procedural or substantive error. We further conclude the court did not abuse its discretion by imposing a sentence at the high-end of the advisory Sentencing Guidelines.

2

We have considered the arguments raised by counsel on behalf of El and supplemented by him. We conclude the district court had personal and subject matter jurisdiction during the course of the proceedings. See 18 U.S.C. § 3231 (2006); Frisbie v. Collins, 342 U.S. 519 (1952); Ker v. Illinois, 119 U.S. 436 (1886). We further conclude that if El wishes to claim there was a conflict of interest or that he received ineffective assistance of counsel, he should proceed under 28 U.S.C.A. § 2255 (West 2000 & Supp. 2010). See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We also conclude that the remainder of El's claims, as put forth by counsel, are frivolous.

We have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform El, in writing, of the right to petition the Supreme Court of the United States for further review. If El requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on El. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED